RAIMOND PIERRE GAILLARD *v.* THE CITIZENS BANK OF LOUISIANA.

The managers of a bank appointed under the provisions of the 29th section of the act of 14th March, 1842, providing for the liquidation of banks, may be sued for any cause of action, though arising under the administration of former boards of directors.

Though a bank has been put in liquidation under the 29th section of the act of 14th March, 1842, and an order has been made staying all proceedings against it, a creditor may sue the bank in the court before which the proceedings for liquidation are pending, where he only prays for a judgment recognising his claim, and ordering it to be paid in course of administration.

APPEAL from the District Court of the First District, *Buchanan,* J. This was an action to recover $825, with interest. The plaintiff prayed that "the Citizens Bank of Louisiana might be cited, and that it be decreed that he recover" the amount claimed; and further, "that whereas said bank is now in course of liquidation, under a judgment of this court, petitioner prays that said judgment be declared executory in due course of administration of said bank"; &c.

BULLARD J. The plaintiff sues the managers of the Citizens Bank, in whose hands its assets and effects are for liquidation under the provisions of the act of 1842, entitled "an act to provide for the liquidation of banks" (section 29th), and asks a

judgment for eight hundred and twenty-five dollars, with interest, said judgment to be declared executory only in due course of administration.

The bank excepted, that they cannot be sued in the manner and form as set forth in the petition, because, they say, the said Citizens Bank has been put in liquidation, by a decree of the same court, and that an order had been given staying all proceedings against the said bank, which order is still in force; and further, that the property and effects of the Citizens Bank have been put into the hands of commissioners appointed by the State, and that the said commissioners cannot be sued for any act of the former boards of directors of said bank.

The court considering that the plaintiff should establish his claims in the *concurso*, contradictorily with the other creditors of the bank, sustained the exception, and the plaintiff appealed.

The appellees have relied upon a decision of this court, in the case of *Dorville, Executor*, v. *The Citizens Bank* (9 Robinson, 362), in which a similar exception, pleaded in the Parish Court, was sustained. But we proceeded in that case principally upon the ground, that the action was instituted in a different tribunal from that in which the liquidation had been ordered.

If, by the exception in this case, is meant, that the managers of the Citizens Bank cannot be sued at all, in any court, or form, in relation to any cause of action which may have arisen under the administration of the former boards of directors, it appears to us untenable. We cannot suppose the legislature intended to exempt that institution, while under the administration of managers, from all judicial investigation of their proceedings, or of the obligations of the bank towards individuals, which arose previously to their appointment. The law has provided a peculiar method for the administration of those banks in which the State is a stock holder, or for which it has issued bonds. The exception from the ordinary rule of liquidation is pointed out in sections 28 and 29 of the act of 1842, above mentioned (pp. 250, 251). The latter provides for the appointment of *managers*, and defines their powers and duties. They are to conduct the affairs of the bank in its *corporate name*, and under

the direction of the board of currency. Their powers and duties, and their liabilities, penalties and restrictions, are declared to be the same as provided by the charters of such banks, " so far as not inconsistent with this act, and the act entitled an act to revive the charters of the several banks," &c.

The plaintiff does not ask for an execution ; on the contrary, he only asks that his claim may be recognised, and paid in the course of administration. That part of the statute which relates to the liquidation of the property banks, under which these managers were appointed, does not expressly require them to make out a tableau of distribution ; on the contrary, it provides that, if, after the decree, the stockholders of the property banks shall cause to be returned, and given up to the State, all the bonds issued by the State, in favor of, or on account of said bank, the governor, after cancelling the bonds, shall, by proclamation, if requested by the stock holders, or a majority of them, proclaim and declare, that they are reinvested with all their rights in said bank, as they exist at the time ; and the liquidation of the said bank shall be conducted thereafter, as provided in other cases.

Upon the whole, we cannot construe the order of the District Court, staying judicial proceedings, to mean, that suits like the present cannot be instituted in the District Court against the managers, having for object merely the liquidation of a claim against the bank ; and we think the court erred in sustaining the exception.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed, the exception overruled, and the case remanded for further proceedings according to law ; and that the appellees pay the costs of this appeal.

*S. L. Johnson* and *L. Janin,* for the appellant.
*Denis,* contrâ.